Rivera v Masola (2026 NY Slip Op 00862)

Rivera v Masola

2026 NY Slip Op 00862

Decided on February 17, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 17, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Higgitt, Rosado, JJ. 

Index No. 814712/22|Appeal No. 5810|Case No. 2025-01941|

[*1]Rudy Rivera, Plaintiff-Respondent,
vKhimson Masola, Defendant-Appellant.

Carman Callahan & Ingham, LLP, Farmingdale (Troy Stone of counsel), for appellant.
Pinkhasov & Associates, PLLC, Mineola (Paul J. Felicione of counsel), for respondent.

Order, Supreme Court, Bronx County (Fidel E. Gomez, J.), entered on or about March 7, 2025, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Court is directed to enter judgment accordingly.
Defendant established his prima facie entitlement to summary judgment by showing that his vehicle was lawfully proceeding in the right lane of travel, within the speed limit. Plaintiff, who was traveling on an electric scooter that was subject to the same duties as a motor vehicle, entered the roadway from the sidewalk at a curb cut without stopping or yielding the right of way in violation of Vehicle and Traffic Law §§ 1143, 1281, 1284(1), (3) (see Soto-Bay v Prunty, 115 AD3d 586, 586 [1st Dept 2014]).
In opposition, plaintiff failed to raise an issue of fact. Plaintiff's theory that defendant failed to exercise due care and violated Vehicle and Traffic Law § 1128 because he was merging into the parking lane to make a right turn at the next corner is unsupported by the evidence. Both plaintiff and defendant testified that the accident occurred in the right lane. There is also no evidence that defendant failed to exercise reasonable care. Defendant, who had the right of way, "was entitled to assume that plaintiff would obey the traffic laws and not [cross] until it was safe to do so" (Eltosam v Darling Ingredients Inc., 235 AD3d 404, 404 [1st Dept 2025]). Moreover, plaintiff admitted that less than one second had passed from the time he left the sidewalk until the accident occurred, leaving defendant insufficient time to react even if he had seen the scooter (id.). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2026